IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL, D.M.D., J.D.,

    Plaintiff,

vs.                                                                 Civ. No. 17-185 KG/CG

THE STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Stay Pending Resolution of State of New Mexico's Motion to Dismiss (Motion to Stay), filed March 2, 2017. (Doc. 17). *Pro se* Plaintiff filed a response on March 7, 2017, and Defendant filed a reply on March 8, 2017. (Docs. 20 and 21). Having reviewed the Motion to Stay and the accompanying briefing, the Court grants the Motion to Stay.

Defendant seeks to stay this action pending the Court's ruling on Defendant State of New Mexico's Amended Motion to Dismiss (Amended Motion to Dismiss) (Doc. 16), filed on March 1, 2017.[1] Defendant raises the following grounds for dismissal: lack of subject matter jurisdiction, sovereign immunity, lack of standing as to certain claims, estoppel, and failure to state a claim upon which relief can be granted. Defendant seeks the stay so that the Court can determine the threshold issues raised in the Amended Motion to Dismiss before it potentially and unnecessarily "expend[s] judicial resources on discovery and subject[s] the State to the burdens of discovery." (Doc. 21) at 1. Plaintiff contends that a stay will prejudice him by not allowing the case to proceed in an expeditious manner. Plaintiff also seems to contend that "Defendant is

---

[1] The Court notes that Defendant is not merely seeking to stay discovery pending resolution of the Amended Motion to Dismiss.

asking the Court again to summarily prejudge Plaintiff's claims before he has had a chance to present his case." (Doc. 20) at 2.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997). Furthermore, "[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963) (internal quotation marks omitted). In exercising its discretion, the Court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The party requesting a stay "must make out a clear case of hardship or inequity, in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. "In deciding whether to enter a stay under the Court's inherent power to control its docket, the Court considers two factors: (1) the parties' competing interests; and (2) judicial economy." *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, 2015 WL 11117308, at *3 (D.N.M.).

Here, the interests of both parties favor a stay of this action pending resolution of the Amended Motion to Dismiss. If the Court indeed lacks subject matter jurisdiction and Defendant enjoys sovereign immunity, the Court does not have the power to adjudicate the case and cannot proceed with its adjudication. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002) (sovereign immunity "provides an immunity from suit."); *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Because of the dispositive nature of the Amended Motion to Dismiss, a ruling on the Amended Motion to

Dismiss prior to allowing discovery could save the parties time and resources by avoiding what could be unnecessary and costly discovery. Likewise, a stay of this action pending resolution of the Amended Motion to Dismiss could conserve judicial resources. These interests outweigh any potential delay in the prosecution of this lawsuit. Finally, as Defendant observes, a stay to decide dispositive issues like subject matter jurisdiction and immunity does not mean that the Court is prejudging Plaintiff's claims. Regardless of a stay, the Court would still first decide the issues raised in the Amended Motion to Dismiss to determine the viability of this lawsuit and whether it can proceed. For the aforementioned reasons, the Court grants the Motion to Stay.

IT IS ORDERED that

1. the Motion to Stay Pending Resolution of State of New Mexico's Motion to Dismiss (Doc. 17) is granted; and

2. this action is stayed pending resolution of Defendant State of New Mexico's Amended Motion to Dismiss (Doc. 16).

_____
UNITED STATES DISTRICT JUDGE