IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL,

    Plaintiff,

vs.                                                                                                Civ. No. 17-00185 KG/CG

STATE OF NEW MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court upon Defendant's Amended Motion to Dismiss (Motion to Dismiss) under Fed. R. Civ. P. 12(b)(1) and (6), filed on March 1, 2017. (Doc. 16). Plaintiff filed a response on March 5, 2017, and the State of New Mexico (Defendant) filed a reply on March 19, 2017. (Docs. 18, 24). Also before the Court is Plaintiff's Motion for Oral Argument (Motion for Oral Argument), filed March 22, 2017; Defendant's Motion to Strike that Motion as an Unauthorized Sur-Reply (Motion to Strike), filed March 23, 2017; and the responses and replies thereto. (Docs. 27- 30). Having reviewed the motions, briefs, and relevant law, the Court will grant the Motion to Dismiss, deny all other relief, and require Plaintiff to show cause why sanctions or filing restrictions should not be imposed.

**I. Background**

        This case commenced with Plaintiff's *Complaint for Violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution, Retaliation, and Questions of the Constitutionality of Certain New Mexico Rules of Discipline* (Complaint), filed February 6, 2017. (Doc. 1). Plaintiff asserts Defendant violated the Constitution in connection with his prior proceedings before New Mexico's Third Judicial District Court (State Court), the Federal

District Court (Federal Court), and the New Mexico Supreme Court Disciplinary Board (Disciplinary Board). (Doc. 1).

According to the Complaint, Plaintiff spent most of his career as a dentist in Las Cruces, New Mexico. (Doc. 1) at ¶ 4. Fourteen years ago, he became involved in a dispute with an insurance company. *Id.* at ¶ 19, 25, 28, 30. The dispute unfortunately spurred five lawsuits and occupied much of his time during retirement. *Id.*

Plaintiff filed the first lawsuit through counsel in 2003. *See Poel v. United Concordia,* D-307-CV-2003-1487. He asserted claims against United Concordia Insurance Co. (United Concordia) for violations of the New Mexico Dental Health Care Act (Dental Care Act). (Doc. 1) at ¶¶ at 8, 19. Plaintiff alleges he was compelled to sue because Defendant refused to enforce the statute. *Id.* at ¶ 19. He also alleges that during the litigation, the State Court refused to enforce its own discovery order, causing his attorneys to bill hundreds of thousands of dollars without his consent. *Id.* at ¶¶ 20-21. Plaintiff asserts he eventually had to settle with United Concordia as a result of such misconduct. *Id.* at ¶¶ 23-24.

Notwithstanding the settlement, Plaintiff was still dissatisfied. In 2006, he obtained a law degree to "file a petition for contempt on behalf of dentists who were harmed by" United Concordia's policies. (Doc. 18) at 4.[1] That same year, Plaintiff sued his former attorneys in State Court "to show lack of due process during the [United Concordia] litigation." (Doc. 1) at ¶ 25; *Poel v. Vogel, et al,* D-307-CV-2006-1638. The attorneys countersued for malicious abuse of process. (Doc. 1) at ¶ 26. The State Court dismissed Plaintiff's claims and entered a

---

[1] The Court considered all facts and State Court documents proffered by Plaintiff, including additional facts in his Response to Motion to Dismiss and Motion for Oral Argument. (Docs. 18, 27). The facts do not change the result of this ruling, and the exhibits are subject to judicial notice. *See Pace v. Swerdlow,* 519 F.3d 1067, 1072 (10th Cir. 2008) (noting that courts may take "judicial notice of all of the materials in the state court's file" when ruling on motion to dismiss).

$400,000 judgment against him for malicious abuse of process (Money Judgment). *Id.* at ¶¶ 26-27, 39-44.

Plaintiff filed his third State Court lawsuit in 2010, seeking a writ of mandamus requiring the New Mexico Attorney General to enforce the Dental Care Act. *Id.* at ¶ 18; *Poel v.New Mexico Attorney General*. D-307-CV-2010-3265. He now alleges the State Court again improperly denied the petition. (Doc. 1) at ¶ 18. A year later, Plaintiff filed a fourth suit, this time in Federal Court, against his attorneys and the judge who entered the Money Judgment. *Id.* at ¶ 28; *Poel v. Webber, et al,* Civ. No. 11-882 JB/GBW.[2] Plaintiff asserted various constitutional claims and alleged his attorneys conspired with the judge in the original 2003 United Concordia litigation. (Doc. 1 in Civ. No. 11-882). The Honorable James O. Browning dismissed the complaint because it failed to state a claim upon which relief can be granted. (Docs. 73, 75 in Civ. No. 11-882).

In 2013 the Disciplinary Board initiated proceedings to revoke Plaintiff's law license on the grounds that he had no factual or legal basis for the lawsuit he filed in federal court. (Doc. 1) at ¶ 30; (Doc. 18-2); *In the Matter of Martin H. Poel,* Disciplinary No. 09-2013-675. Plaintiff now alleges the proceeding was initiated in retaliation and "solely because Plaintiff sued [Defendant] in Federal Court."[3] (Doc. 1) at ¶ 30. The Disciplinary Board found Plaintiff violated three Rules of Professional Conduct: NMRA 16-301 (frivolous suits); NMRA 16-802(A) (misstatements about a judge); and NMRA 16-804(D) (conduct prejudicial to the administration of justice). *Id.* at ¶ 34; (Doc. 18-3). Plaintiff was placed on probation, censured,

---

[2] Plaintiff appears to believe the lawsuit involved Defendant, but the Federal Court docket reflects Defendant was not a named party. *Id.* at ¶ 28.

[3] *See supra,* footnote 3.

3

and ordered to pay $2,193.48 in costs. (Doc. 1) at ¶ 34; (Doc. 18-3). Plaintiff elected not to pursue re-instatement of his law license and is no longer a member of the bar. (Doc. 27) at 3.

Based on the foregoing, Plaintiff now asserts Defendant violated the Constitution by: (1) refusing to enforce the Dental Care Act; (2) denying him due process during the four prior lawsuits; (3) retaliating for those lawsuits by initiating the disciplinary proceeding; (4) suspending his law license; and (5) enacting the above disciplinary rules. Plaintiff asks this Court to "[d]eclare the [$400,000] Judgment in *Poel v. Vogel et al* D-307-CV-2006-01638 to be void," and "[d]eclare Rules 16-301, 16-802(A), and [1]6-804(D) NMRA to be unconstitutional." (Doc. 1) at p. 11. Plaintiff also appears to seek $400,000 in money damages for the alleged constitutional violations, unless the Court determines sovereign immunity applies. (Doc. 18) at 23; (Doc. 27) at p. 4-5.

Defendant moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for sanctions. (Doc. 16). Defendant contends Plaintiff's claims are barred by, inter alia, sovereign immunity, the *Rooker-Feldman* doctrine, and a lack of standing. *Id.* Defendant also asserts the complaint fails to state a cognizable claim. *Id.* Plaintiff opposes the Motion to Dismiss in its entirety and requests oral argument. (Docs. 18, 27). Defendant argues the Motion for Oral Argument is really an unauthorized surreply. (Doc. 28).

## II. Standard of Review

Where, as here, a defendant seeks dismissal under both Rules 12(b)(1) and 12(b)(6), Plaintiff must first carry the burden of proving the Court has jurisdiction. *See Mounkes v. Conklin*, 922 F.Supp. 1501, 1505 (D. Kan. 1996). Rule 12(b)(1) requires dismissal where the Court lacks subject matter jurisdiction over the claims. "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to

subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). Defendant presents a facial challenge, which requires the Court to accept the factual allegations contained in the complaint. *Id.*

Once jurisdiction is established, the claims may still be subject to dismissal under Rule 12(b)(6). That rule authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010) (citations omitted). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While a *pro se* plaintiff's allegations must be liberally construed, *pro se* parties must follow the same rules of civil procedure as any other litigant. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. Discussion

#### A. *Motion for Oral Argument and Motion to Strike*

The Court first turns to Plaintiff's Motion for Oral Argument which he filed "to clarify[] the legal arguments and facts presented for adjudication." (Doc. 27) at 1. It is clear that in filing this motion, Plaintiff is attempting to refute the arguments in Defendant's reply brief and to clarify the relief Plaintiff is seeking in this suit. (Doc. 27) at 2-6. Defendant asserts this motion effectively is a surreply and should be struck because it was filed without authorization and there are no "new arguments … raised in [Defendant's] reply brief." *Walker v. THI of New Mexico at*

*Hobbs Center,* No. CIV 09-0060 JB/KBM, 2011 WL 2728344, at *1 (D.N.M. July 6, 2011). *See also* D.N.M. LR-Civ 7.4(b) ("The filing of a surreply requires leave of the Court.").

This Court remains sensitive to a party's right to be heard which necessary, and this is just as true when a party proceeds *pro se*. Moreover, this may very well be Plaintiff's final opportunity to raise certain issues. *See* Section C (discussing the possibility of filing restrictions). However, in light of the comprehensive filings already on the record, the Court finds that a hearing would not materially assist in determining the Motion to Dismiss. Therefore, the Court will deny the request for oral argument, treat the remainder of the Motion for Oral Argument as an authorized surreply, and deny the Motion to Strike.

### B. <u>Motion to Dismiss</u>

Construed liberally, the Complaint requests three possible types of relief: (1) a judgment that Defendant violated Plaintiff's constitutional rights; (2) an order invalidating the Money Judgment; and (3) an order invalidating the disciplinary rules used to suspend Plaintiff's law license. Defendant argues the Court lacks jurisdiction to grant such relief. As discussed below, the Court agrees.

#### *1. Constitutional Claims Against the State of New Mexico*

In the first three counts of the Complaint, Plaintiff asserts constitutional claims for retaliation, "breach of duty," and violations of the First Amendment and the Due Process Clause. Defendant argues the Court lacks jurisdiction over these claims based on sovereign immunity. The doctrine of sovereign immunity bars "a citizen from suing his own State under the federal-question head of [subject-matter] jurisdiction." *Alden v. Maine*, 527 U.S. 706, 727 (1999). Sovereign "immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252

(10th Cir. 2007) (citation omitted). There are three exceptions to the sovereign immunity doctrine: (1) the state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity; or (3) a plaintiff may seek prospective relief from an individual state officer acting in their official capacity for an ongoing violation of federal law. *Id.*

Plaintiff argues Defendant consented to suit by failing to enact legislation expressly conferring immunity, and that Congress abrogated Defendant's sovereign immunity through 42 U.S.C. § 1983. The Court disagrees. The State legislature does not need to enact legislation conferring immunity because it already exists by virtue of the United States Constitution. *See Alden,* 527 U.S. at 728 (noting that "sovereign immunity derives … from the structure of the original Constitution itself"). Further, Section 1983—which is the only "remedial vehicle for raising claims based on the violation of constitutional rights"—does not authorize suits against the State. *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Supreme Court has expressly held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, the constitutional claims in Counts I, II, and III of the Complaint must be dismissed.[4]

*2. Claims to Invalidate the Money Judgment*

Plaintiff also asks the Court to void the Money Judgment because it allegedly is "not supported by the law or substantial evidence." (Doc. 1) at ¶ 44, p. 11. Defendant challenges the Court's jurisdiction to grant such relief under the *Rooker-Feldman* doctrine. *See Campbell v.*

---

[4] It is worth noting that even if Defendant State of New Mexico could face liability, the State itself was not a party to any of the prior lawsuits and did not engage in the most of the alleged wrongdoing.

*City of Spencer,* 682 F.3d 1278, 1281 (10th Cir. 2012) (noting that *Rooker-Feldman* is jurisdictional bar). The *Rooker-Feldman* doctrine prevents "state-court losers [from] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the Court may not examine "the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006). In contrast, where a plaintiff is not attacking a state court judgment itself, the *Rooker-Feldman* doctrine does not apply. *Id.* For example, "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil Corp.*, 544 U.S. at 293 (2005). In other words, the critical inquiry here is whether the Complaint is attacking the state court judgment itself, or whether it raises a new, independent claim that could potentially undermine the judgment.

Plaintiff contends he is not asking this Court to *overturn* the Money Judgment, but rather, he seeks *relief* from the judgment under Fed. R. Civ. P. 60(b). (Doc. 18) at p. 19. This argument is a futile exercise in semantics. Granting the requested relief would necessarily require a determination "that the state court wrongfully entered its judgment," and is therefore barred by the *Rooker-Feldman* doctrine. *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). *See also Burnett v. Amrein,* 243 Fed. App'x 393, 395 (10th Cir. 2007) ("Fed.R.Civ.P. 60(b) does not authorize a federal district court to relieve the [plaintiff] of a judgment entered in

state court, … because any such action would violate the *Rooker–Feldman* doctrine."). Plaintiff's claim seeking a declaration that the Money Judgment is void is dismissed.

*3. Claims to Invalidate the Disciplinary Rules*

Count IV of the Complaint is a challenge to the constitutionality of NMRA 16-301, 16-802(A), and 16-804(D), the disciplinary rules used to suspend his law license. (Doc. 1) at ¶¶ 63-66. Specifically, Plaintiff argues these rules are so vague that they allow the Disciplinary Board to ignore the rules of evidence and discipline unpopular attorneys by simply characterizing a claim as "frivolous" or "reckless." *Id.* Defendant again seeks dismissal under the *Rooker-Feldman* doctrine.

A state bar disciplinary order is the "functional equivalent of a state-court judgment" under *Rooker-Feldman*. *Mosby v. Ligon,* 418 F.3d 927, 932 (8th Cir. 2005). Thus, "the *Rooker–Feldman* doctrine precludes an attorney from challenging the result of his or her state disciplinary hearing in a lower federal court, including attacking the process leading to the decision." *Kline v. Biles,* 861 F.3d 1177, 1181 (10th Cir. 2017) (citations omitted); *see also In re Smith,* 287 Fed. App'x 683 (10th Cir. 2008) (concluding that *Rooker-Feldman* precluded attorney's federal claim challenging his disbarment).

Count IV does not explicitly challenge the prior disciplinary proceeding. However, the Tenth Circuit has applied *Rooker-Feldman* to indirect attacks on disciplinary orders where it is "clear from [the] complaint that … [the discipline] … is the source of the injuries for which [plaintiff] … seeks relief." *Vallaro v. Supreme Court of Colo.,* 176 F.3d 490 (10th Cir. 1999); *see also Smith v. Mullarkey,* 67 Fed. App'x. 535, 538 (10th Cir. 2003) (rejecting disciplined attorney's "attempts to re-frame the issues so that [the] claims fall outside the ambit of *Rooker-Feldman*"). Here, the potential harms posed by the challenged disciplinary rules are identical to

9

the injuries Plaintiff allegedly suffered during the disciplinary proceeding. (Doc. 1) at ¶¶ 45-62. Therefore, to the extent Plaintiff seeks retroactive relief, the *Rooker-Feldman* doctrine bars Count IV.

Further, to the extent Count IV seeks prospective relief that is wholly unrelated to the prior disciplinary proceeding, Plaintiff nevertheless cannot prevail. The Tenth Circuit recently has held that a suspended attorney cannot challenge a disciplinary rule as impermissibly vague based on the "hypothetical future" possibility that it may, one day, apply. *Kline,* 861 F.3d 1182 (dismissing plaintiff's claim that disciplinary rule could "mean anything" and was subject to "freewheeling application"). Unless and until the attorney is actually subject to the disciplinary rules, such challenge does not "present a justiciable case or controversy." *Id.*

Here, Plaintiff is no longer a member of the bar and has declined to seek reinstatement. (Doc. 27) at 3. The Court therefore lacks jurisdiction over any prospective challenge to the ethical rules governing the legal profession raised by Count IV of the Complaint. *See also Jordan v. Sosa,* 654 F.3d 1012, 1019 (10th Cir. 2011) ("Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'").

Having determined it lacks jurisdiction over each potential claim, the Court will dismiss the Complaint pursuant to Rule 12(b)(1). This dismissal is without prejudice because the Court did not reach the merits of Plaintiff's underlying claims. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

C. *Sanctions*

Defendant asks that if the Complaint is dismissed, the Court should sanction Plaintiff for abuse of process. (Doc. 16) at 26. Federal courts have inherent authority to impose sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Sally Beauty Co. v. Beautyco, Inc.,* 372 F.3d 1186, 1189 (10th Cir. 2004) (quotations and citation omitted). Federal courts can also regulate vexatious filings by imposing carefully tailored filing restrictions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Restrictions on future filings may be imposed where: (1) the litigant has a lengthy and abusive history; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989).

This is Plaintiff's fifth lawsuit concerning United Concordia's insurance practices, and (at least) the second lawsuit seeking to invalidate the Money Judgment. Plaintiff's filings indicate he is well aware that the United Concordia issue has been decided. Further, his law license was suspended the last time he sought to invalidate the Money Judgment. Nevertheless, Plaintiff continues to assert variations of these same claims, using a complaint that replicates most of the allegations his prior lawsuits.

Based on this history, the Court is persuaded that some sanction may be necessary. The Court will therefore require Plaintiff to show cause within 21 days of entry of this Order why it should not impose filing restrictions or a monetary sanction. The filing restrictions would prohibit Plaintiff from raising additional claims in Federal Court related to: (1) any claims against United Concordia that were adjudicated in any prior proceeding; (2) the outcome of *Poel v. Vogel, et al*, D-307-CV-2006-1638; *Poel v. United Concordia*, D-307-CV-2003-1487; *Poel v.New Mexico Attorney General*. D-307-CV-2010-3265; *Poel v. Webber, et al*, Civ. No. 11-882

JB/GBW; or *In the Matter of Martin H. Poel*, Disciplinary No. 09-2013-675; and (3) the conduct of any individual or any final order (including the Money Judgment and Disciplinary Board order) in those proceedings. If filing restrictions are imposed, Plaintiff will be required to obtain permission from the Court before filing a complaint relating to those topics. The Court will hold a hearing to determine whether, and to what extent, sanctions are appropriate. Plaintiff shall appear in person and the Defendant may appear at its discretion.

IT IS THEREFORE ORDERED:

1. Defendant's Amended Motion to Dismiss (Doc. 16) is granted; and the Complaint (Doc. 1) is dismissed without prejudice;

2. Plaintiff's request for oral argument is denied, the remainder of the Motion for Oral Argument on Amended Motion to Dismiss (Doc. 27) is construed as an authorized surreply; and Defendant's Motion to Strike Plaintiff's Surreply (Doc. 28) is denied; and

3. Plaintiff must show cause why the Court should not impose filing restrictions or a monetary sanction. The Court will set a hearing to address these matters on **Thursday, January 18, 2018, at 1:30 PM,** at the United States District Courthouse, 4th Floor Mimbres Courtroom, 100 N. Church Street, Las Cruces, New Mexico, in which Plaintiff is required to appear in person and the Defendant may appear at its discretion.

_____
UNITED STATES DISTRICT JUDGE