IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN H. POEL

    Plaintiff,

vs.                                                            Civ. No. 17-00185 KG/CG

STATE OF NEW MEXICO,

    Defendant.

## ORDER IMPOSING FILING RESTRICTIONS

This matter comes before the Court following the Court's Memorandum Opinion and Order requiring Plaintiff to show cause why filing restrictions should not be imposed, filed December 6, 2017. (Doc. 39) Plaintiff filed Responsive Memoranda on January 4, 2018, and January 11, 2018. (Docs. 42, 43). The Court held a hearing on the issue of filing restrictions on January 18, 2018. Plaintiff appeared *pro se,* and Ari Biernoff appeared telephonically on behalf of Defendant. Having considered Plaintiff's arguments and relevant law, the Court will restrict Plaintiff from filing further actions in Federal Court seeking to re-litigate issues that have already been decided.

*I. Background and Relevant Litigation History*

Plaintiff filed this civil rights action against the State of New Mexico on February 6, 2017. (Doc. 1). He asserts Defendant violated his constitutional rights in connection with his four prior lawsuits and his proceedings before the New Mexico Disciplinary Board. (Doc. 1). Plaintiff has a lengthy and repetitive filing history, which began in 2003 when he became involved in a dispute with a dental insurer. (Doc. 1) at ¶ 19, 25, 28, 30. The dispute spurred five lawsuits and a disciplinary proceeding, which are described below:

- In 2003, Plaintiff sued United Concordia Insurance Co. (United Concordia), alleging violations of the New Mexico Dental Health Care Act. *See Poel v. United Concordia,* D-307-CV-2003-1487. He reached a settlement with United Concordia, but later argued he was pressured to do so based on the misconduct of his attorneys and the State Court Judge. (Doc. 1) at ¶¶ 19-24.

- Plaintiff obtained a law degree in 2006 to pursue the matter further. (Doc. 18) at 4. He then sued his former attorneys in State Court "to show lack of due process during the [United Concordia] litigation." (Doc. 1) at ¶ 25; *Poel v. Vogel, et al,* D-307-CV-2006-1638. The State Court dismissed Plaintiff's claims and entered a $400,000 judgment against him for malicious abuse of process (Money Judgment). (Doc. 1) at ¶¶ 26-27, 39-44.

- In 2010, Plaintiff filed a third State Court lawsuit seeking a writ of mandamus requiring the New Mexico Attorney General to enforce the Dental Care Act. (Doc. 1) at ¶ 18; *Poel v.New Mexico Attorney General*. D-307-CV-2010-3265. The State Court again denied the requested relief. (Doc. 1) at ¶ 18.

- In 2011, Plaintiff filed a fourth lawsuit in Federal Court against his attorneys and the Judge who entered the Money Judgment. (Doc. 1) at ¶ 28; *Poel v. Webber, et al,* Civ. No. 11-882 JB/GBW.[1] The Court dismissed the complaint for failing to state a cognizable claim. (Docs. 73, 75 in Civ. No. 11-882).

- In 2013, the Disciplinary Board suspended Plaintiff's law license on the grounds that he had no factual or legal basis for the Federal Court lawsuit. (Doc. 1) at ¶ 30; (Doc. 18-2); *In the Matter of Martin H. Poel,* Disciplinary No. 09-2013-675.

---

[1] Plaintiff appears to believe the lawsuit involved Defendant, but the Federal Court docket reflects Defendant was not a named party. *Id.* at ¶ 28.

- In 2017, Plaintiff filed his fifth lawsuit in Federal Court. (Doc. 1). He asserted constitutional claims against the State of New Mexico for failing to remedy the alleged wrongdoing by United Concordia. *Id.* He also asked the Court to invalidate the Money Judgment and the Disciplinary Rules used to suspend his law license. *Id.* By a Memorandum Opinion and Order entered December 6, 2017, the Court determined the claims were barred by sovereign immunity, the Rooker-Feldman doctrine, and Article III limitations on justiciable cases or controversies. (Doc. 39).

Based on this litigation history, the Court ordered Plaintiff to show cause why he should not be restricted from filing a federal lawsuit raising or challenging: (1) any claims against United Concordia that were adjudicated in any prior proceeding; (2) the outcome of *Poel v. Vogel, et al*, D-307-CV-2006-1638; *Poel v. United Concordia*, D-307-CV-2003-1487; *Poel v.New Mexico Attorney General*. D-307-CV-2010-3265; *Poel v. Webber, et al*, Civ. No. 11-882 JB/GBW; or *In the Matter of Martin H. Poel*, Disciplinary No. 09-2013-675; and (3) the conduct of any individual or any final order (including the Money Judgment and Disciplinary Board order)in those proceedings. (Doc. 39) at 11-12. The Court also warned that if filing restrictions are imposed, Plaintiff would have to obtain permission before filing a complaint relating to those topics. (Doc. 39) at 12.

In his responsive memoranda, Plaintiff argued:

- He believed all five lawsuits were supported by facts and existing law, and he did not file them for any improper purpose. (Doc. 42) at 1-3. Instead, he wanted to hold United Concordia and other insurers accountable for what he describes as the broken health care system. (Doc. 42) at 3-6.

- He intended to show the State was complicit with respect to these issues, which would provide a jurisdictional basis to sue United Concordia in Federal Court. (Doc. 43) at 3.

3

- Other parties engaged in wrongful conduct in connection with the prior proceedings, including United Concordia, his attorneys, the State Court, the State of New Mexico and the New Mexico Disciplinary Board. (Doc. 43) at 3-13.

At the hearing, Plaintiff also indicated that he did not intend to file any more lawsuits in Federal Court.

*III. Discussion*

The Court has a duty to protect itself, citizens and opposing parties from the impact of repetitive and unfounded pro se litigation. *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989). Accordingly, the Court may impose carefully tailored filing restrictions on abusive litigants. *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir.2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances"). Filing restrictions "are proper where a litigant's abusive and lengthy history is properly set forth, the court provides guidelines as to what the litigant must do to obtain the court's permission to file an action, and the litigant receives notice and an opportunity to oppose the court's order before it is instituted." *McMurray v. McCelmoore*, 445 F. App'x 43, 45 (10th Cir. 2011) (quotation omitted).

This is the fifth lawsuit concerning United Concordia's insurance practices, and (at least) the second lawsuit seeking to invalidate the Money Judgment. Plaintiff is aware those issues have been settled or adjudicated, but he continues to assert variations of these same claims, using a Complaint that copies most of the allegations from his prior State Court lawsuits. In the Responsive Memorandum filed January 11, 2018, Plaintiff also admits that he named the State and alleged "State complicity" so that he could re-litigate his claims against United Concordia in Federal Court. (Doc. 43) at 3. Based on this lengthy and repetitive history, the Court will impose filing restrictions as set forth below.

IT IS ORDERED that, effective immediately:

1. Plaintiff Martin Poel is prohibited from filing any *pro se* pleadings, motions, or similar documents in the United States District Court for the District of New Mexico relating to: (a) any claims against United Concordia that were adjudicated in any prior proceeding; (b) the outcome of *Poel v. Vogel, et al*, D-307-CV-2006-1638; *Poel v. United Concordia*, D-307-CV-2003-1487; *Poel v.New Mexico Attorney General*. D-307-CV-2010-3265; *Poel v. Webber, et al*, Civ. No. 11-882 JB/GBW; or *In the Matter of Martin H. Poel*, Disciplinary No. 09-2013-675; or (c) the conduct of any individual or any final order (including the Money Judgment and Disciplinary Board order) in those proceedings. (Collectively, the "Subject Matter").

2. To file a *pro se* pleading, motion, or similar document on the above Subject Matter, Plaintiff must submit a proposed complaint to the Clerk of Court along with an affidavit that: (a) certifies the action is commenced in good faith, is not malicious, and complies with Fed. R. Civ. P. 11; (b) list every previous action Plaintiff has filed in federal or state courts; and (c) recites the issues presented in the new lawsuit and discloses whether the same or similar claims were asserted in any prior action by Plaintiff.

3. Upon receipt of the proposed complaint and affidavit, the Clerk will submit the documents to a District or Magistrate Judge for pre-filing review. If the Court determines that the case fails to state a cognizable claim, lacks merit, or is repetitive, the Clerk will return the pleading to Plaintiff without filing it on the docket.

_____
UNITED STATES DISTRICT JUDGE